No. 14,012.

NICOLAS *v.* IRIGOYEN.
(68 P. [2d] 444)

Decided May 10, 1937.   Rehearing denied June 1, 1937.

Messrs. MOYNIHAN, HUGHES & KNOUS, for plaintiff in error.

Mr. ARCHIBALD A. LEE, Mr. BENJAMIN GRIFFITH, for defendant in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS is a contest between two rival claimants under a life insurance policy.

Bertrand Irigoyen was the insured in a policy issued by the Capitol Life Insurance Company. He died July 12, 1935. The policy named his brother Jean Irigoyen as beneficiary. It contained the following provision: "The insured may from time to time change any designated beneficiary, provided this policy is not then assigned. Every change must be made by written notice to the Company at its Home Office, accompanied by this policy for endorsement of the change thereon by the Company, and unless so endorsed the change shall not take effect. After such endorsement, the change shall relate back to and take effect as of the date the insured signed said written notice of change whether the insured be living at the time of such endorsement or not."

The facts are not in dispute, being established by stipulations now part of the record before us.

On June 3, 1935, the insured signed a notice in due and prescribed form—received by the company at its home office on July 15—changing the beneficiary to Auguste Nicolas. The original policy accompanied the substitution notice. These documents were forwarded to the company in compliance with instructions given by Bertrand Irigoyen himself at the time he signed the notice, but the change was not endorsed on the policy.

On August 14, 1935, the company received from Jean Irigoyen proofs of his brother's death.

The company, acknowledging its liability, appealed to equity by interpleading both claimants, was permitted to pay into court the amount due, and withdrew from the case without expressing a preference as between the two. The district court found the issues in favor of Jean Irigoyen and entered judgment accordingly. Nicolas asks for a reversal.

The judgment is defended on two grounds: first, that because the notice of change of beneficiary was not sent to the company in the lifetime of the insured it was in-

effectual, and, secondly, that the attempted substitution was futile because the company did not endorse the change on the policy.

In the light of the language used in the provision above quoted from the policy, the first contention must be overruled. The provision clearly contemplates the possibility of the company's not receiving a valid substitution notice until after an insured has died.

Is the manifest intention of the insured frustrated by the company's failure to endorse the change on the policy? We think not. This contention must also be decided against the original beneficiary. Endorsing the change is a mere ministerial duty of the company. There is no discretion to refuse the endorsement. No doubt whatever is cast in the record upon the genuineness of the signature or the intention of the insured. Nothing else remained to be done by him or on his part, nor by or on behalf of the substituted beneficiary, than was done. The company could not have defeated such change if it would. In view of the situation we must consider that to have been done which should have been done. The change must be given effect as intended. Judgment must be reversed with directions to enter findings and judgment in favor of the plaintiff in error Nicolas and against the defendant in error Jean Irigoyen, and to dispose of the court deposit accordingly.

Judgment reversed with directions.

Mr. Justice Hilliard and Mr. Justice Knous not participating.